## WALSH *v.* SCHUBINER.

FRAUD—ACTIONABLE MISREPRESENTATION—EVIDENCE—SUFFICIENCY.
In an action for fraud and conspiracy, based upon the representation by defendant that he owned a certain patent, whereby plaintiff was induced to purchase an interest in a lease granting the right to use said patent, the conclusion of the trial court that no actionable misrepresentation was. made, *held*, supported by the record, which shows that, whether defendant owned the patent or not, he had the right to grant the privilege secured to the lessees in the lease.

Error to Wayne; O'Brien (Patrick H.), J., presiding. Submitted January 6, 1922. (Docket No. 67.) Decided March 30, 1922.

Case by Albert B. Walsh against Henry Schubiner and another for fraud. Judgment for defendants *non obstante veredicto*. Plaintiff brings error. Affirmed.

*Pius A. Walsh,* for appellant.

*Davidow & Davidow,* for appellees.

SHARPE, J. On September 3, 1919, the defendant Schubiner entered into an agreement with the Auto Collapsible Rim Manufacturing Company, of Illinois, whereby he acquired the sole and exclusive right to "make, use and vend and control" a certain invention for converting rims for automobiles into collapsible ones (for which letters patent had been theretofore secured) in the States of Michigan, Ohio and New York. On November 20, 1919, Schubiner entered into a contract with Howard Hatch, Robert A. Keele and George Zangelin, whereby he leased to them certain machinery

theretofore installed by him for a period of 6 months at a rental of $300, with an option to purchase same for the sum of $2,500. In addition to the rental provided for the lessees agreed to pay the lessor 10 cents as a royalty on each rim converted by them. In the event of the purchase of such machinery, the rights of the lessees to convert rims under the patent was to be exclusive within the county of Wayne. The attention of the plaintiff was called to the business conducted by these lessees by reading an advertisement in a newspaper. After several conferences he, on January 13, 1920, purchased the interest of Zangelin in the lease, paying therefor $500. Soon after plaintiff purchased another third interest from Howard Hatch, paying therefor an additional $500. Before doing so, he called on the defendant Schubiner. He claims Mr. Schubiner told him he owned the patent and that if he purchased it would be all right to strike off the names of Zangelin and Hatch in the lease and insert his, and this was done. Soon after, the defendant Manning called on plaintiff at the shop and, as claimed by plaintiff, represented to him that he had purchased the patent from Schubiner and wanted to purchase plaintiff's rights in the lease. Plaintiff claims that he again called on Mr. Schubiner, who told him "if I had any more dealings to do I would have to do them with Manning as he was disinterested;" that after some negotiations with Manning he turned over to him his rights under the lease and secured therefor a subscription contract for 10 shares (non-assessable) of the capital stock in a company to be organized by Manning to carry on the business. A meeting of the subscribers to this stock was held in March, and plaintiff claims he then learned that Manning was not the owner of the patent; that he again saw Schubiner, who also so stated to him. Manning had been to see

Schubiner, and on January 29, 1920, had secured from him an agreement to sell to him his interest in the patent and the machinery, but this agreement was not carried out by Manning.

The claim, as set forth in plaintiff's declaration, is, *first,* that he was induced to make the purchase of the second one-third interest in reliance upon the false and fraudulent representations of the defendant Schubiner, and, *second,* that Schubiner and Manning fraudulently conspired together to secure the transfer by him of his interest in the lease to Manning. Before the trial in the circuit, plaintiff executed a release to Manning in consideration of the payment of $400.

The motion of defendant Schubiner for a directed verdict was reserved under the Empson act (3 Comp. Laws 1915, § 14568). The plaintiff had verdict for $600. Afterwards, defendant's motion for judgment *non obstante veredicto* was granted and a judgment entered for him. In granting such motion, the trial court filed an opinion in which the claims of the plaintiff as set forth in his declaration and the testimony tending to support such claims are reviewed at length. With the conclusion reached by him we agree. The record discloses no actionable misrepresentation to plaintiff by the defendant Schubiner. No matter whether or not Schubiner owned the patent, he had the right to grant the privilege secured to the lessees in the lease. Plaintiff's rights thereunder were in no way interfered with until he disposed of them to Manning. As found by the trial court, there is no sufficient evidence to support the charge of conspiracy. Schubiner was doubtless anxious that Manning should succeed in the organization of a company which would enable him to carry out his agreement to purchase. But plaintiff's proofs fall far short of showing a design or intent on Schubiner's part to join with Man-

ning in, a fraudulent effort to deprive plaintiff of his property without compensation.

The judgment is affirmed.

FELLOWS, C. J., and WIEST, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.